UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAVID BORNEMANN and TONIANN
BORNEMANN,                                              MEMORANDUM AND ORDER

       Plaintiffs,                              CV 14-4032

    -against-                                    (Wexler, J.)

NORFOLK DREDGING COMPANY,

       Defendant.
----------------------------------------------------------X
APPEARANCES:

    HACE & ROSE, LLP
    By: Michael A. Rose, Esq.
    185 Madison Avenue, 14h Floor
    New York, NY 10016
    Attorneys for Plaintiffs

    BLANK ROME LLP
    By: William R. Bennett III
    The Chrysler Building
    405 Lexington Avenue
    New York, NY 10174
    Attorneys for Defendant

    CRENSHAW, WARE & MARTIN, P.L.C.
    By: Steven M. Stancliff, Esq.
    150 West Main Street, Suite 1500
    Norfolk, VA 23510
    Attorneys for Defendant

WEXLER, District Judge:

       Plaintiffs David Bornemann ("Plaintiff" or "Bornemann") and Toniann Bornemann ("Wife") (collectively, "Plaintiffs") bring this action against Defendant Norfolk Dredging Company ("Defendant" or "Norfolk") claiming Defendant was negligent and violated various New York labor laws by failing to provide a safe construction site, causing injury to Plaintiff.

Plaintiff's Wife brings a claim for loss of consortium. This case was removed from the Supreme Court of the State of New York, County of Suffolk based on 28 U.S.C. § 1332(a). See ECF Docket 1. Defendant moves to dismiss, and for the reasons that follow Defendant's motion is denied.

## BACKGROUND

The facts are brief. According to the verified complaint, at the time of the incident at issue on March 6, 2014, Plaintiff was employed by Bove Industries, who was retained by Defendant Norfolk to perform certain work in connection with a project known as the Cedar Beach Restoration Project in the Town of Babylon, where Norfolk was acting as the general contractor/construction manager. While acting within the scope of his employment, Plaintiff was severely injured. Plaintiff brings claims for negligence and statutory liability under Sections 200, 241 and 240 of the Labor Law of the State of New York ("Labor Law"). Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed.R.Civ.Pro."), claiming that the Labor Law sections upon which Plaintiffs rely do not apply to this construction site or to this case.

## DISCUSSION

I. Standards on Motion to Dismiss

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true and draw all reasonable inferences in favor of Plaintiff. Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 113 (2d Cir. 2013) (citations omitted); see Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 58-59 (2d Cir. 2010). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court stated

that a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The "short and plain" pleading standard of Rule 8 of the Fed.R.Civ.Proc. does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, at 678, quoting Twombley, at 555 (other citations omitted). "A complaint has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombley, 550 U.S. at 556. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, at 679 (citations omitted).

II. Analysis

A. Plaintiffs' Claims under Labor Law §200 and for Negligence

Labor Law § 200 codifies the common law duty of landowners and general contractors to provide a reasonably safe place to work. Torres v. St. Francis College, 2015 WL 3874971, at *2 (2d Dept. June 24, 2015) (citing Comes v. New York State Elec. & Gas Corp., 82 N.Y.2d 876, 877, 609 N.Y.S.2d 168, 631 N.E.2d 110 (1993); Ross v. Curtis–Palmer Hydro–Elec. Co., 81 N.Y.2d 494, 505, 601 N.Y.S.2d 49, 618 N.E.2d 82 (1993)). In order to be liable for injuries "arising from the manner in which work is performed, a defendant must have 'authority to exercise supervision and control over the work.'" Torres, 2015 WL 3874971, at *2 (citing Rojas v. Schwartz, 74 A.D.3d 1046, 1046, 903 N.Y.S.2d 484 (other citations omitted)). If plaintiff's claim arises from a dangerous condition of the premises, a defendant is liable if it "'either created the dangerous condition that caused the accident or had actual or constructive notice of the

dangerous condition.'" Torres, 2015 WL 3874971, at *2 (citing Rojas, 74 A.D.3d at 1047, 903 N.Y.S.2d 484; other citations omitted).

Defendant argues that Plaintiffs' negligence and Labor Law § 200 claims fail since Plaintiffs have not alleged that Defendant had the required control, or either created a dangerous condition or had actual or constructive notice of the condition that caused Plaintiff's injury, to sustain such claims.

Plaintiffs' complaint does not provide extensive detailed facts, but it alleges that Defendant was the general contractor and/or construction manager at the site, and that Defendant negligently failed to operate the construction activities in a reasonable safe or adequate manner. VC, ¶ 15, 22. Plaintiffs also allege that Defendant had both actual and constructive notice of the dangerous and defective conditions that existed at the site, VC, ¶ 20, and that Plaintiff was injured while working at the site. VC, ¶ 18.

The Court finds that Plaintiffs' allegations, while sparse, adequately state plausible claims for relief under theories of common law negligence and Labor Law § 200, and allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. See also Fernandez v. CMB Contracting, 05-CV-3338, 2006 WL 2690262, at * (E.D.N.Y. September 19, 2006) (Labor Law § 200 claim survives motion to dismiss where plaintiff plead that the defendant was a contractor, which the court must accept as true, despite the defendant submitting an affidavit that he was an architect).[1] Defendant's motion to dismiss these claims is denied.

---

[1] The Court further notes that the highly factual inquiry to evaluate the § 200 or other Labor Law claims asserted by Plaintiff, is more appropriately considered in the context of a motion for summary judgment at the close of discovery.

B. <u>Plaintiff's Claim under Labor Law §241</u>

Labor Law § 241 requires owners and contractors to "provide reasonable and adequate protection and safety" for construction workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor. <u>Ross v. Curtis-Palmer Hydro-Electric Co.</u>, 81 N.Y.2d 494, 501-502, 618 N.E.2d 82 (1993); <u>Giambalvo v. National R.R. Passenger Corp.</u>, 850 F.Supp. 166, 170 (E.D.N.Y. 1994) (citing <u>Comes v. New York State Elec. and Gas Corp.</u>, 82 N.Y.2d 876, 609 N.Y.S.2d 168, 631 N.E.2d 110 (1993)). Section 241 applies to "[a]ll contractors and owners and their agents, ... when constructing or demolishing buildings or doing any excavating in connection therewith," and requires that the work be performed in a way "to provide reasonable and adequate protection and safety to the persons employed therein,..." Section 241(6).

Plaintiff alleges Rule 23 of the Industrial Code was violated. VC, ¶ 22(j). That rule defines "construction work" as

> [a]ll work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures, ... and includes, by way of illustration but not by way of limitation, the work of hoisting, land clearing, earth moving, grading, excavating, trenching, pipe and conduit laying, road and bridge construction, concreting, cleaning of the exterior surfaces including windows of any building or other structure under construction, equipment installation and the structural installation of wood, metal, glass, plastic, masonry and other building materials in any form or for any purpose.

12 N.Y.C.R.R. 23–1.4(13); <u>Giambalvo</u>, 850 F.Supp. at 170. The Industrial Code defines "excavation work" as "the removal of earth, rock or other material in connection with construction or demolition operations." 12 N.Y.C.R.R. 23–1.4(19).

Defendant argues that Plaintiffs' claims should be dismissed since the Cedar Beach

-5-

Restoration Project did not involve "buildings or other structures," and therefore § 241 does not apply. Yet, Plaintiff argues he was engaging in construction work, which included "hoisting, land clearing, [and] earth moving" and excavation work as defined by the statute.

Again, on a motion to dismiss, the Court's review is limited to the complaint, and it must assume those allegations to be true. Plaintiffs' complaint alleges that Defendant was retained to perform work and provide services at the construction site, that Defendant acted as the general contractor and/or construction manager, and that Plaintiff was injured while working at the site. VC, ¶ 12-18. It specifically alleges that Defendant failed to comply with Labor Law § 241 or Rule 23 of the Industrial Code, putting Defendant on notice of the claims. VC, ¶ 22(h) & (j). In applying its "judicial experience and common sense," the Court finds that Plaintiffs' allegations state a plausible claim for relief under § 241 to "unlock the doors of discovery." Iqbal, at 678-679. Defendant's motion to dismiss this claim is denied.

C. Plaintiff's Claim under Labor Law §240

Labor Law § 240, often called the scaffold law, imposes a duty upon owners and contractors to provide safety devices in certain situations, and applies to plaintiffs engaged in "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure." Labor Law § 240(1); Torres, 2015 WL 3874971, at *1 (citations omitted). In answering a certified question from the Second Circuit, the New York Court of Appeals stated that "it is generally agreed that the purpose of the strict liability statute is to protect construction workers not from routine workplace risks, but from the pronounced risks arising from construction work site elevation differentials." Runner v New York Stock Exch., Inc., 13 N.Y.3d 599, 603, 895 N.Y.S.2d 279 (2009).

In Runner, the Court found that § 240(1) did apply to a circumstance where the plaintiff was injured while moving an 800-pound reel of wire down 4 steps, which the court found to be a "physically significant elevation differential." Even though the object did not fall on the plaintiff (nor did plaintiff fall), the "injury was a direct consequence of the application of the force of gravity to the reel." Id. at 604. The Court found that the defendants had failed to provide adequate protection against the risk created by the workplace elevation differential.

Defendant here argues that § 240 does not apply since Plaintiff's injury did not result from a fall or a falling object. It also argues that the work being done at the Cedar Beach Restoration Project did not constitute work on a "building or structure" as required by the statute.

Plaintiff alleges that Defendant was retained to perform work and provide services at the construction site, and that Defendant acted as the general contractor and/or construction manager, and that he was injured while working at the site. VC, ¶ 12-18. Plaintiff further alleges that Defendant failed to provide a safe working environment or "adequate hoists or lifting equipment" VC, ¶ 22. The Court finds Plaintiffs' allegations sufficiently state a claim under § 240 and deny Defendant's motion to dismiss.[2]

---

[2]Since Defendant's motion to dismiss Plaintiff's claims are denied, so too is Defendant's motion to dismiss Wife's derivative claim for loss of consortium.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied. Counsel are advised to proceed with discovery and that jury selection for the trial of this matter shall be held on June 6, 2016.

SO ORDERED.

_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       August 3, 2015