FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ JUL 18 2016 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAVID BORNEMANN and TONIANN
BORNEMANN,

                        Plaintiffs,

-against-

NORFOLK DREDGING COMPANY,

                        Defendant.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 14-4032
(Wexler, J.)

APPEARANCES:

    HACH & ROSE, LLP
    BY: TIMOTHY J. STAINES, ESQ.
    Attorney for Plaintiffs
    185 Madison Avenue, 14th Floor
    New York, New York 10174

    BLANK ROME LLP
    BY: WILLIAM R. BENNETT, III, ESQ.
    Attorneys for Defendant
    The Chrysler Building
    405 Lexington Avenue
    New York, New York 10174

WEXLER, District Judge:

    Plaintiffs David Bornemann ("Bornemann") and Toniann Bornemann commenced this diversity personal injury action against defendant Norfolk Dredging Company ("Norfolk Dredging" or "defendant") seeking to recover for injuries suffered by Bornemann on March 6, 2014. Currently before the Court is defendant's motion for summary judgment. *See* Motion, Docket Entry ("DE") [33].

I.     BACKGROUND

    Many of the facts are undisputed. On or about July 16, 2013, the United States Army Corps of Engineers awarded a project contract to Norfolk Dredging for dredging and beach nourishment in various areas. Part of the project was to replenish Cedar Beach with sand

dredged from the federal navigation channels near Robert Moses Inlet. In March 2014, Norfolk Dredging contacted non-party Bove Industries ("Bove") regarding rental of equipment it needed to complete the project. Bove provided two bulldozers, with operators, to Norfolk. Those bulldozers, one of which was operated by Bornemann, reported for work at the Cedar Beach Project on March 5, 2014. On March 6, 2014, while decoupling pipes with a bulldozer, a chain slipped and broke through the rear window of the bulldozer, injuring plaintiff. Plaintiff received Workers' compensation benefits from Bove.

## II. LEGAL STANDARDS

The standard for summary judgment is well-established. "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In deciding a summary judgment motion, the district court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the opposing party, and "determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation and citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586, 129 S. Ct. 2658, 174 L.Ed.2d 490 (2009) (internal quotation and citation omitted).

"The moving party bears the burden of establishing the absence of any genuine issue of material fact." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). Once this burden is met, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). When, however, there is nothing more than a "metaphysical doubt

as to the material facts," summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 247-48, 106 S. Ct. 2505 (1986) (noting that "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment). In determining whether summary judgment is warranted, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).

## III. DISCUSSION

The issue raised in the current motion concerns the nature of the employment relationships between Bornemann, Bove, and Norfolk Dredging. Under New York law, a general employee of one employer may also be the special employee of another employer. *Thompson v. Grumman Aerospace Corp.*, 78 N.Y.2d 553, 557, 578 N.Y.S.2d 106 (1991). "A special employee is described as one who is transferred for a limited time of whatever duration to the service of another." *Id.* Defendant's sole basis for summary judgment is that since Bornemann chose to receive Workers' Compensation benefits from Bove, his "general employer," he is barred under New York law from maintaining a personal injury action against Norfolk Dredging, his "special employer." *See Hofweber v. Soros,* 57 A.D.3d 848, 849, 870 N.Y.S.2d 98 (2d Dep't 2008) ("The receipt of workers' compensation benefits from a general employer precludes an employee from commencing a negligence action against a special employer").

Although generally a question of fact, "the determination of special employment status may be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact." *Thompson,* 78 N.Y.2d at 557-58. The principal factors in determining whether a special employment relationship existed include "who has the

right to control the employee's work, who is responsible for the payment of wages and the furnishing of equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer's or the general employer's business." *Ugijanin v. 2 W. 45th St. Joint Venture*, 43 A.D.3d 911, 913, 841 N.Y.S.2d 611, 613 (2d Dep't 2007). "Although no one factor is determinative, a 'significant' and 'weighty feature' in deciding whether a special employment relationship exists is who controls and directs the manner, details and ultimate result of the employee's work—in other words, who determines all essential, locational and commonly recognizable components of the [employee's] work relationship." *Fung v. Japan Airlines Co.*, 9 N.Y.3d 351, 359, 880 N.E.2d 845, 850 (2007) (internal quotation and citations omitted) (alteration in original). "Only where the defendant is able to demonstrate conclusively that it has assumed exclusive control over the manner, details and ultimate result of the employee's work is summary adjudication of special employment status and consequent dismissal of an action proper." *Bellamy v Columbia Univ.*, 50 A.D.3d 160, 162, 851 NYS2d 406 (1st Dep't 2008) (internal quotation and citation omitted).

Upon review of the parties' submissions and in light of the evidence, the Court concludes that there are issues of material fact precluding entry of summary judgment, including whether Bove surrendered complete control of plaintiff's employment activities to defendant. Accordingly, the motion for summary judgment is denied.

## IV. CONCLUSION

Defendant's motion [33] is denied. The trial will commence with jury selection on August 15, 2016 at 9:30 a.m. in courtroom 940 of the Central Islip courthouse. Pretrial submissions shall be filed by August 11, 2016.

SO ORDERED.

                                                s/ Leonard D. Wexler
                                      LEONARD D. WEXLER
                                      UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       July 18, 2016