```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAVID BORNEMANN and TONIANN
BORNEMANN,
                              Plaintiffs,
            -against-

NORFOLK DREDGING COMPANY,

                              Defendant.
----------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   AUG 09 2016   ★

LONG ISLAND OFFICE

ORDER

CV 14-4032
(Wexler, J.)

APPEARANCES:

    HACH & ROSE, LLP
    BY: TIMOTHY J. STAINES, ESQ.
    Attorney for Plaintiffs
    185 Madison Avenue, 14th Floor
    New York, New York 10174

    BLANK ROME LLP
    BY: WILLIAM R. BENNETT, III, ESQ.
    Attorneys for Defendant
    The Chrysler Building
    405 Lexington Avenue
    New York, New York 10174

WEXLER, District Judge:

Before the Court is defendant's motion for reconsideration of the Memorandum and Order (the "Order") dated July 18, 2016, in which this Court denied defendant's motion for summary judgment. For the following reasons, defendant's motion, Docket Entry [50], is denied.

Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court. *See Hunt v. Enzo Biochem., Inc.*, No. 06 Civ. 170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007). A motion for reconsideration shall set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Civil Rule 6.3. "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling

decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Grounds for reconsideration exist only when the movant "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation and citation omitted).

A motion for reconsideration is not, however, an opportunity to raise new arguments, or to simply re-hash or re-state arguments that were unsuccessfully presented as part of the original motion. *See generally Fantastic Graphics, Inc. v. Hutchinson*, No. 09-CV-2514, 2010 WL 475309, at * 2 (E.D.N.Y. Feb. 8, 2010); *Cornett v. Brown*, No. 04-CV-0754, 2007 WL 2743485, at *3 (E.D.N.Y. Sept. 17, 2007) (noting that the high burden on the moving party "was established in part to dissuade repetitive arguments on issues that have already been considered fully by the Court" (internal quotation and citation omitted)). Nor is it "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (internal quotation and citation omitted). Accordingly, a party may not merely offer the same arguments that were previously submitted to the court when seeking reconsideration. *See Giordano v. Thomson*, No. 03-CV-5672, 2006 WL 1882917, at *1 (E.D.N.Y. June 26, 2006).

Familiarity with the facts of the case and with the Order is presumed. The key issue presented in the summary judgment motion was whether defendant was a special employer of plaintiff. The Court found that issues of material fact precluded entry of summary judgment.

On the current motion for reconsideration, defendant first argues that the "unrebutted evidence presented" in the original motion "unequivocally" established that defendant had

decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Grounds for reconsideration exist only when the movant "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation and citation omitted).

A motion for reconsideration is not, however, an opportunity to raise new arguments, or to simply re-hash or re-state arguments that were unsuccessfully presented as part of the original motion. *See generally Fantastic Graphics, Inc. v. Hutchinson*, No. 09-CV-2514, 2010 WL 475309, at * 2 (E.D.N.Y. Feb. 8, 2010); *Cornett v. Brown*, No. 04-CV-0754, 2007 WL 2743485, at *3 (E.D.N.Y. Sept. 17, 2007) (noting that the high burden on the moving party "was established in part to dissuade repetitive arguments on issues that have already been considered fully by the Court" (internal quotation and citation omitted)). Nor is it "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (internal quotation and citation omitted). Accordingly, a party may not merely offer the same arguments that were previously submitted to the court when seeking reconsideration. *See Giordano v. Thomson*, No. 03-CV-5672, 2006 WL 1882917, at *1 (E.D.N.Y. June 26, 2006).

Familiarity with the facts of the case and with the Order is presumed. The key issue presented in the summary judgment motion was whether defendant was a special employer of plaintiff. The Court found that issues of material fact precluded entry of summary judgment.

On the current motion for reconsideration, defendant first argues that the "unrebutted evidence presented" in the original motion "unequivocally" established that defendant had

decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Grounds for reconsideration exist only when the movant "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation and citation omitted).

A motion for reconsideration is not, however, an opportunity to raise new arguments, or to simply re-hash or re-state arguments that were unsuccessfully presented as part of the original motion. *See generally Fantastic Graphics, Inc. v. Hutchinson*, No. 09-CV-2514, 2010 WL 475309, at * 2 (E.D.N.Y. Feb. 8, 2010); *Cornett v. Brown*, No. 04-CV-0754, 2007 WL 2743485, at *3 (E.D.N.Y. Sept. 17, 2007) (noting that the high burden on the moving party "was established in part to dissuade repetitive arguments on issues that have already been considered fully by the Court" (internal quotation and citation omitted)). Nor is it "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (internal quotation and citation omitted). Accordingly, a party may not merely offer the same arguments that were previously submitted to the court when seeking reconsideration. *See Giordano v. Thomson*, No. 03-CV-5672, 2006 WL 1882917, at *1 (E.D.N.Y. June 26, 2006).

Familiarity with the facts of the case and with the Order is presumed. The key issue presented in the summary judgment motion was whether defendant was a special employer of plaintiff. The Court found that issues of material fact precluded entry of summary judgment.

On the current motion for reconsideration, defendant first argues that the "unrebutted evidence presented" in the original motion "unequivocally" established that defendant had

complete control of plaintiff's work, thus compelling a finding that it was a special employer. This argument is simply an attempt to re-litigate arguments made on the prior motion.

Defendant's second argument is that the Court misstated the law and used an "erroneously stringent legal standard." Defendant takes issue with language in the Order's concluding paragraph stating that issues of fact included whether plaintiff's non-party general employer, Bove Industries, "surrendered complete control of plaintiff's employment activities to defendant." *See* Order at 4. Defendant argues that "surrendering complete control" is not part of the legal analysis. As stated in the Order, "[o]nly where the defendant is able to demonstrate conclusively that it has assumed exclusive control over the manner, details and ultimate result of the employee's work is summary adjudication of special employment status and consequent dismissal of an action proper." *Bellamy v Columbia Univ.*, 50 A.D.3d 160, 162, 851 N.Y.S.2d 406 (1st Dep't 2008) (internal quotation and citation omitted). The phrases "surrendering complete control" and "assuming exclusive control" are simply two sides of the same coin. *See, e.g., Holmes v. Bus. Relocation Servs., Inc.*, 117 A.D.3d 468, 469, 984 N.Y.S.2d 868 (2014) (finding issue of fact, noting that the evidence "does not establish as a matter of law that United surrendered complete control and direction over plaintiff's work or that defendant assumed such control and direction"), *aff'd*, 25 N.Y.3d 955, 30 N.E.3d 896 (2015).

Defendant has failed to identify any basis for reconsideration of the Order. Accordingly, the motion for reconsideration is denied.

SO ORDERED.

s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
August 9, 2016

3